## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>61 Brattle Street, South Berwick, ME 03908 |
| **Derek L. Grandmaison** | Mortgage:<br>March 3, 2006<br>Book 14778, Page 745 |
| **Defendant** | |
| **MSNI Fund VI** | |
| **Party-in-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Derek L. Grandmaison as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and the Defendant, Derek L. Grandmaison, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Derek L. Grandmaison, is the obligor and the total amount owed under the terms of the Note is Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant Derek L. Grandmaison is a resident of South Berwick, County of York and State of Maine.

6. The Party-in-Interest, MSNI Fund VI, is located at 9722 Fair Oaks Boulevard, Suite D, Fair Oaks, CA 95628.

# FACTS

7. On March 2, 2006, by virtue of a Quitclaim Deed from Alma L. Platte and Derek L. Grandmaison, which is recorded in the York County Registry of Deeds in **Book 14778, Page 742**, the property situated at 61 Brattle Street, County of York, and State of Maine, was conveyed to the Defendant, Derek L. Grandmaison, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On March 3, 2006, the Defendant, Derek L. Grandmaison, executed and delivered to CTX Mortgage Company, LLC a certain Note in the amount of Two Hundred Sixty Four Thousand Dollars and Zero Cents ($264,000.00). *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on March 3, 2006, the Defendant, Derek L. Grandmaison, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for CTX Mortgage Company, LLC, securing the property located at 61 Brattle Street, South Berwick, ME 03908 which mortgage deed is recorded in the York County Registry of Deeds in **Book 14778, Page 745**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated August 1, 2013 and recorded in the York County Registry of Deeds in **Book 16664, Page 739** and further confirmed by the Quitclaim Assignment dated June 9, 2016 and recorded in the York County Registry of Deeds in **Book 17260, Page 996**. *See* Exhibits D and E (true and correct copies of the Assignment of Mortgage and the Quitclaim Assignment are attached hereto and incorporated herein).

11. The Mortgage was then further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated July 25, 2016 and recorded in the York County Registry of Deeds in **Book 17320, Page 918**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. MSNI Fund VI is a Party-in-Interest pursuant to a Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for CTX Mortgage Company, LLC in the amount of $30,000.00 dated March 3, 2006, which is recorded in the York County Registry of Deeds in **Book 14778, Page 771** as assigned to MSNI Fund VI by virtue of a Corporate Assignment of Mortgage dated November 8, 2013, which is recorded in the York County Registry of Deeds in **Book 16766, Page 373** and is in second position behind Plaintiff's Mortgage.

13. On October 21, 2009, the Defendant, Derek L. Grandmaison, executed a Home Affordable Modification Agreement which increased the principal balance of the Note to $275,483.00. *See* Exhibit G (a true and correct copy of the Home Affordable Modification Agreement is attached hereto and incorporated herein).

14. On August 30, 2016, the Defendant, Derek L. Grandmaison, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Derek L. Grandmaison, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendant, Derek L. Grandmaison, has failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

19. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), which includes Unpaid Principal Balance of Two Hundred Thirty Two Thousand Six Hundred Thirty Seven Dollars and Ninety Five Cents ($232,637.95); Accrued Interest in the amount of Twenty Two Thousand Four Hundred Eighty One Dollars and One Cent ($22,481.01); Escrow/Impound Required in the amount of Fourteen Thousand One Hundred Nine Dollars and Fifty Two Cents ($14,109.52); Late Charges Due in the amount of Six Hundred Sixty Five Dollars and Forty Four Cents ($665.44) and Total Advances in the amount of One Thousand Five Hundred Twenty Three Dollars and Zero Cents ($1,523.00).

20. Upon information and belief, the Defendant is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related mortgage and title located at 61 Brattle Street, South Berwick, County of York, and State of Maine. *See* Exhibit A.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff has the right to foreclosure upon the subject property.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Derek L. Grandmaison, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2014, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), which includes Unpaid Principal Balance of Two Hundred Thirty Two Thousand Six Hundred Thirty Seven Dollars and Ninety Five Cents ($232,637.95); Accrued Interest in the amount of Twenty Two Thousand Four Hundred Eighty One Dollars and One Cent ($22,481.01); Escrow/Impound Required in the amount of Fourteen Thousand One Hundred Nine Dollars and Fifty Two Cents ($14,109.52); Late Charges Due in the amount of Six Hundred Sixty Five Dollars and Forty Four Cents ($665.44) and Total Advances in the amount of One Thousand Five Hundred Twenty Three Dollars and Zero Cents ($1,523.00).

27. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

29. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Derek L. Grandmaison, on August 30, 2016, as evidenced by the Certificate of Mailing. *See* Exhibit H.

30. The Defendant, Derek L. Grandmaison, is not in the Military. *See* Exhibit I (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT II – BREACH OF NOTE

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. On March 3, 2006, the Defendant, Derek L. Grandmaiso, executed and delivered to CTX Mortgage Company, LLC a certain Note in the amount of $264,000.00. *See* Exhibit B.

33. The Defendant, Derek L. Grandmaison, is in default for failure to properly tender the October 1, 2014 payment and all subsequent payments. *See* Exhibit H.

34. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Derek L. Grandmaison.

35. The Defendant, Derek L. Grandmaison, has failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

36. The Defendant Derek L. Grandmaison's breach is knowing, willful, and continuing.

37. The Defendant Derek L. Grandmaison's breach has caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

38. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), which includes Unpaid Principal Balance of Two Hundred Thirty Two Thousand Six Hundred Thirty Seven Dollars and Ninety Five Cents ($232,637.95); Accrued Interest in the amount of Twenty Two Thousand Four Hundred Eighty One Dollars and One Cent ($22,481.01); Escrow/Impound Required in the amount of Fourteen Thousand One Hundred Nine Dollars and Fifty Two Cents ($14,109.52); Late Charges Due in the amount of Six Hundred Sixty Five Dollars and Forty Four Cents ($665.44) and Total Advances in the amount of One Thousand Five Hundred Twenty Three Dollars and Zero Cents ($1,523.00).

39. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

40. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 39 as if fully set forth herein.

41. By executing, under seal, and delivering the Note, the Defendant, Derek L. Grandmaison, entered into a written contract with CTX Mortgage Company, LLC who agreed to loan the amount of $264,000.00 to the Defendant, Derek L. Grandmaison. *See* Exhibit B.

42. As part of this contract and transaction, the Defendant, Derek L. Grandmaison, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

43. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to CTX Mortgage Company, LLC, and has performed its obligations under the Note and Mortgage.

44. The Defendant, Derek L. Grandmaison, has breached the terms of the Note and Mortgage by failing to properly tender the October 1, 2014, payment and all subsequent payments. *See* Exhibit H.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Derek L. Grandmaison.

46. The Defendant, Derek L. Grandmaison, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

47. The Defendant, Derek L. Grandmaison, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), for money lent by the Plaintiff to the Defendant, Derek L. Grandmaison.

48. The Defendant, Derek L. Grandmaison's breach is knowing, willful, and continuing.

49. The Defendant Derek L. Grandmaison's breach has caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of February 3, 2017, if no payments are made, is Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), which includes Unpaid Principal Balance of Two Hundred Thirty Two Thousand Six Hundred Thirty Seven Dollars and Ninety Five Cents ($232,637.95); Accrued Interest in the amount of Twenty Two Thousand Four Hundred

Eighty One Dollars and One Cent ($22,481.01); Escrow/Impound Required in the amount of Fourteen Thousand One Hundred Nine Dollars and Fifty Two Cents ($14,109.52); Late Charges Due in the amount of Six Hundred Sixty Five Dollars and Forty Four Cents ($665.44) and Total Advances in the amount of One Thousand Five Hundred Twenty Three Dollars and Zero Cents ($1,523.00).

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

52. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. CTX Mortgage Company, LLC, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Derek L. Grandmaison, Two Hundred Sixty Four Thousand Dollars ($264,000.00). *See* Exhibit B.

54. The Defendant, Derek L. Grandmaison, is in default for failure to properly tender the October 1, 2014 payment and all subsequent payments. *See* Exhibit H.

55. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Derek L. Grandmaison, has been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

56. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.

58. CTX Mortgage Company, LLC, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Derek L. Grandmaison, Two Hundred Sixty Four Thousand Dollars ($264,000.00). *See* Exhibit B.

59. The Defendant, Derek L. Grandmaison, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

60. As a result, the Defendant, Derek L. Grandmaison, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to CTX Mortgage Company, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

61. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendant, Derek L. Grandmaison, is in breach of the Note by failing to make payment due as of October 1, 2014, and all subsequent payments;

d) Find that the Defendant, Derek L. Grandmaison, is in breach of the Mortgage by failing to make payment due as of October 1, 2014, and all subsequent payments;

e) Find that the Defendant, Derek L. Grandmaison, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Derek L. Grandmaison, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due October 1, 2014 and all subsequent payments;

g) Find that Plaintiff is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant, Derek L. Grandmaison, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff to restitution;

j) Find that the Defendant, Derek L. Grandmaison, is liable to the Plaintiff for money had and received;

k) Find that the Defendant, Derek L. Grandmaison, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Derek L. Grandmaison, has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant, Derek L. Grandmaison, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitled to restitution for this benefit from the Defendant, Derek L. Grandmaison;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Derek L. Grandmaison, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Seventy One Thousand Four Hundred Sixteen Dollars and Ninety Two Cents ($271,416.92), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
The Plaintiff,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: January 17, 2017

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670