Investor Loan No.: 0329172484

**After Recording Return To:**
Aurora Loan Services LLC
Attn: Recording Department
10350 Park Meadows Drive
Littleton, Colorado 80124

This document was prepared by RUTH RUHL, P.C.

——— [Space Above This Line For Recording Data] _____
MIN:
SIS: (888) 679-6377

# HOME AFFORDABLE MODIFICATION AGREEMENT
## (Step Two of Two-Step Documentation Process)

Borrower ("I")[1]: Derek L. Grandmaison, a married man
Lender ("Lender"): Aurora Loan Services LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): March 3rd, 2006
Loan Number:
Date and recording information of first lien Mortgage dated March 3rd, 2006 and recorded on N/A , , in Book/Liber N/A, Page N/A, Instrument No. N/A, Official Records of York County, Maine, and Note ("Note"), bearing the same date as, and secured by, the Mortgage, which covers the real and personal property described in said Mortgage and defined therein as the Property, identified as:
Property Address: 61 Brattle Street, South Berwick, Maine 03908 ("Property")
**SEE ATTACHED EXHIBIT "A"**
"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for the Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

---

[1]If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

---

MAINE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3157                                               3/09 Page 1 of 6



Generated by TallPDF.NET Evaluation

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.  **My Representations.** I certify, represent to Lender and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B.  I live in the Property as my principal residence, and the Property has not been condemned;
    C.  There has been no change in the ownership of the Property since I signed the Loan Documents;
    D.  I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));
    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A.  TIME IS OF THE ESSENCE under this Agreement;
    B.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and
    C.  I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on September 1st, 2009 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on October 1st, 2009.

    A.  The new Maturity Date will be: April 1st, 2036.

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be $275,483.00 (the "New Principal Balance").

C. Interest at the rate of 2.250% will begin to accrue on the New Principal Balance as of September 1st, 2009 and the first new monthly payment on the New Principal Balance will be due on October 1st, 2009. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------------------|-------------------------------|-----------------------|-------------------|----------------------------|
| 1-5 | 2.250% | 09/01/2009 | $1,148.22 | $383.48, adjusts annually after year 1 | $1,531.70, adjusts annually after year 1 | 10/01/2009 | 60 |
| 6 | 3.250% | 09/01/2014 | $1,237.69 | Adjusts Annually | Adjusts Annually | 10/01/2014 | 12 |
| 7 | 4.250% | 09/01/2015 | $1,354.20 | Adjusts Annually | Adjusts Annually | 10/01/2015 | 12 |
| 8-27 | 5.125% | 09/01/2016 | $1,456.55 | Adjusts Annually | Adjusts Annually | 10/01/2016 | 235 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.   **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.
B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.
C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.
D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note, as amended, allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

In Witness Whereof, the Lender and I have executed this Agreement.

| 9-24-09 | | _____ (Seal) |
|---------|--|--------------------------------|
| Date | | Derek L. Grandmaison  –Borrower |

| _____ | _____ (Seal) |
|-------------------------|--------------------------------|
| Date | –Borrower |

| _____ | _____ (Seal) |
|-------------------------|--------------------------------|
| Date | –Borrower |

| _____ | _____ (Seal) |
|-------------------------|--------------------------------|
| Date | –Borrower |

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

# BORROWER ACKNOWLEDGMENT

State of    Maine                         §
                                          §
County of York                            §

On this **24th** day of **SEPTEMBER**              , **2009**       , before me,
**BARBARA BENNETT**                    *[name of notary]*, a Notary Public in and for said state,
personally appeared   Derek L. Grandmaison

*[name of person acknowledged]*, known to me to be the person who executed the within instrument, and
acknowledged to me that he/she/they executed the same for the purpose therein stated.

_____
Type or Print Name of Notary          **BARBARA BENNETT**
                                      **NOTARY PUBLIC - MAINE**
Notary Public, State of_____**COMMISSION EXPIRES JULY 25, 2010**

My Commission Expires:

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

_10-21-09_
-Date

_10-21-09_
-Date

Aurora Loan Services LLC
-Lender

Mortgage Electronic Registration Systems, Inc.
-Mortgagee

By: _____

By: _____

_Amber Paxton_

Printed/Typed Name: Adrienne L. Allen

Printed/Typed Name: ~~Matthew T. Justice~~

Its: _VP_

Its: Assistant Secretary

## LENDER/MORTGAGEE ACKNOWLEDGMENT

State of     Colorado        §
                             §
County of  Douglas           §

On this 21st day of Oct, 2009, before me,
James J. Biggins [name of notary], a Notary Public in and for said state,
personally appeared Adrienne L. Allen VP of  Aurora Loan Services LLC
, Lender,
and Amber Paxton ~~Matthew T. Justice~~, Assistant Secretary of Mortgage Electronic Registration Systems, Inc.,
Mortgagee, personally known to me to be the person who executed the within instrument on behalf of said entity,
and acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

James J Biggins
NOTARY PUBLIC
State of Colorado
My Commission Expires Oct. 20, 2012

Notary Signature

Type or Print Name of Notary
Notary Public, State of_____
My Commission Expires:_____

ACKNOWLEDGMENT (MAINE)

Click here to unlock TallPDF.NET